SAVOY, Judge.
This is a workmen’s compensation suit filed by plaintiff against defendant. For a, cause of action plaintiff alleged that in April, 1964, while in the employ of defendant, he suffered an injury to his left foot; that in May, 1964, he suffered another injury to his right foot. He prayed for total and permanent disability because of physical injuries suffered in the accidents. Alternatively, he alleged that if he was not disabled by reason of physical injuries, that as a result of said accidents, he is suffering from a traumatic neurosis, conversion hysteria or other psychogenic disorder, and is totally disabled thereby.
Defendant filed an answer admitting the accidents, but alleged that plaintiff recovered therefrom on or about June 22 or June 23, 1964, when he returned to work, and had fully recovered from the accidents and was able to do the same work he was doing at the time of the accidents; and that he had been paid compensation from the date of the first injury until June 21, 1964; that his demands should be rej ected and his suit dismissed.
At the trial of the case in the district court it was stipulated that plaintiff suffered the injuries complained of in plaintiff’s petition while in the course of his employment, and it was also stipulated that the weekly wages claimed by plaintiff in his petition were correct.
After a trial on the merits, the district judge, without assigning written reasons, rejected plaintiff’s demands and dismissed his suit at his costs. This appeal followed.
We will first discuss the physical aspects of the case.
From the evidence in the record it appears that plaintiff suffered an accident to his left foot in April, 1964, and to his right foot in May, 1964; that he was first seen by Dr. N. U. Booker, a general practitioner who testified that he first saw plaintiff on April 2, April 3, 1964, and November 9, 1964. The doctor testified that when he first saw plaintiff he was complaining of pain in both feet. He stated that X-ray films did not reveal any fracture of either foot. He was of the opinion that plaintiff was suffering from overweight, and that the pain complained of was not due to any injury he might have incurred.
Plaintiff was next seen by Dr. Charles V. ITatchette, orthopedic surgeon, on July 2 and December 1, 1964, both times at the request of counsel for plaintiff. Upon examining plaintiff, Dr. Hatchette felt that he was overweight and stated that he had *495 flat feet. The X-ray examination showed no fractures except the distal phalanx of the fifth toe of the right foot, which was a comparatively old fracture. He was of the opinion that plaintiff had probably suffered bruising injuries to the dorsum of both of his feet in the above described, accidents. This caused some swelling of the left foot. He thought possibly the injuries to his feet had some aggravating results but was of the opinion that this condition would clear up satisfactorily if plaintiff soaked his feet in hot water whenever he noticed swelling. He was of the opinion that plaintiff would recover very quickly from the accidents. In his report of December. 1, 1964, Dr. Hatchette was of the opinion that plaintiff had fully recovered from his accidents, and recommended that plaintiff be returned to some type of work that did not require long periods of standing or walking.
Plaintiff was also seen by Dr. J. Lane Sauls, a general practitioner. Dr. Sauls testified that plaintiff came to the Sabine Clinic, operated by himself and a Dr. Mur-dock, and Dr. Murdock saw plaintiff in June of 1964. He was complaining of a tender and painful left foot under the sole of the foot. The X-ray examination was normal. Dr. Sauls felt that plaintiff had tenderness of his feet. He recommended a metatarsal bar and physiotherapy. He saw plaintiff on October 30, November 2 and November 6, 1964, and then in February and May of 1965. He stated that in the May, 1965 examination he found plaintiff in good physical condition and able to go back to his former employment. The doctor also stated that the plaintiff did not cooperate very well.
After examining all of the medical testimony in connection with the physical injuries received by plaintiff in the instant case, we cannot say that the trial judge committed manifest error in holding that plaintiff had fully recovered from these injuries on June 21, 1964.
The next question for determination is plaintiff’s alternative plea to the effect that if he has recovered from his physical injuries, he is still disabled because of traumatic neurosis, conversion hysteria or other psychogenic disorder.
On this phase of the case three psychiatrists testified, Dr. Harold Bolding and Dr. Alvin Cohen on behalf of plaintiff; and Dr. Charles W. Armistead on behalf of defendant.
Dr. Cohen was of the opinion that plaintiff was suffering from a neurotic illness. He thought that plaintiff was totally incapacitated and could not return to his old job.
Dr. Bolding was of the same opinion as was Dr. Cohen.
On the other hand, Dr. Armistead was of the opinion that the present symptoms and findings could not be explained on a psychiatric basis.
Plaintiff was also examined by Dr. Heinz K. Faludi, neurosurgeon. Dr. Faludi stated that from a neurological point of view there was nothing wrong with plaintiff. The doctor also stated that plaintiff had sunken metatarsal arches, not connected with his accidents.
While the trial judge has not favored us with a written -opinion, undoubtedly, he concluded, from the medical testimony on the subject, that the plaintiff was not telling the truth in his depositions. Because of the conflict in the medical testimony, we cannot say that the trial judge has abused the discretion vested in him in this case.
Since there was a bona fide dispute as to the physical and mental condition of the plaintiff, the claim for attorney’s fees and penalties is disallowed.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.